Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul two determinations of the Municipal Code Violations Bureau (Bureau) of respondent City of Rochester (City), which separately found them guilty of a City Code violation set forth in appearance tickets, i.e., owning property that was occupied without a valid Certificate of Occupancy (CO) in violation of City Code § 90-16 (A) (2) (d). That provision provides that a CO must be obtained within a period of 90 days prior to the expiration or termination of an existing CO.
In their petition, petitioners sought annulment of the determinations “on the grounds that [their] convictions violate the Fourth Amendment and Article I section 12 of the New York Constitution, unlawfully deprive [petitioners of the beneficial enjoyment of their property and the right to derive income therefrom, and are therefore in violation of lawful procedure, affected by an error of law and were arbitrary and capricious.” While petitioners had also argued before the Bureau that the appearance tickets should be dismissed on the ground that they did not sufficiently allege their commission of an offense for which a fine may be imposed, they failed to pursue that argument in their petition.
Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g), but we vacated the order of transfer and remitted the matter to that court because we concluded that the petition did not raise a substantial evidence issue (Matter of Burns v Carballada, 79 AD3d 1785 [2010]). Upon remittal, the court granted the petition, holding that the determina *1611 tions were affected by an error of law and were arbitrary and capricious (see generally CPLR 7803 [3]). Specifically, the court held that the appearance tickets were facially insufficient. Respondents now appeal.
We note as an initial matter that our dissenting colleague correctly states that petitioners did not raise a substantial evidence issue in their petition. We therefore conclude that our dissenting colleague erroneously addresses the sufficiency of the evidence at the hearings. Moreover, we agree with respondents that the court erred in annulling the determinations on facial sufficiency grounds inasmuch as petitioners also never raised that contention in their petition (see Matter of Faison v Goord, 298 AD2d 392, 392-393 [2002], lv denied 99 NY2d 510 [2003], rearg denied 100 NY2d 616 [2003]; cf. Matter of Roth v Syracuse Hous. Auth., 270 AD2d 909, 909 [2000], lv denied 95 NY2d 756 [2000]), and we thus further conclude that our dissenting colleague also erroneously addresses the facial sufficiency of the appearance tickets. Indeed, petitioners state in their brief that they agree with respondents that the appearance tickets were, in fact, facially sufficient.
Petitioners contend, however, that the judgment should nevertheless be affirmed (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]) because, in their view, the City’s CO inspection and warrant system is unconstitutional as applied. We note by way of background that, at the time petitioners were issued the relevant appearance tickets, the City required both single-family dwellings not occupied by the owner and all two-family dwellings to have a valid CO that would need to be renewed every six years (see City Code § 90-16 [former (G) (1) (a)]). Because the City must inspect a rental property in order to issue or renew a CO, it enacted Local Law No. 3 (2009) of the City of Rochester, which amended the City Charter to establish a procedure for issuing judicial warrants to inspect premises that are owned or occupied by uncooperative individuals (see City Charter § 1-9). We recently rejected a facial constitutional challenge by several tenants and a homeowner to the inspection warrants authorized by Local Law No. 3 of 2009 (Matter of City of Rochester [449 Cedarwood Terrace], 90 AD3d 1480, 1482-1483 [2011], appeal dismissed 19 NY3d 937 [2011]), and we now likewise reject petitioners’ current as-applied constitutional challenge to those warrants.
Petitioners, correctly noting that a landlord may not be penalized for renting property without first consenting to its warrantless search (see Sokolov v Village of Freeport, 52 NY2d 341, 343, 346 [1981]), contend that their rights under the Fourth *1612 Amendment of the United States Constitution and article I, § 12 of the New York Constitution were violated because the City’s CO inspection and warrant system prevents them from obtaining a CO without first consenting to a search of their properties. Under the City’s ordinance, however, an inspection can take place either upon consent or upon the issuance of a warrant (see City Charter § 1-11). On the record before us, petitioners have not shown that they were actually penalized for refusing to allow an inspection inasmuch as there is no evidence that they ever applied for a CO and thereafter refused to consent to the required inspection of their properties.
All concur except Martoche, J., who dissents and votes to affirm in the following memorandum.